

Steven C. Tycksen, #3300
ZOLL & TYCKSEN, L.C.
5300 South 360 West, Suite 360
Murray, UT 84123
Phone: (801) 685-7800
Fax: (801) 685-7808

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re: Jay Busch,<br><br><br>Debtor. | **MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ATTORNEY'S FEES, OR IN THE ALTERNATIVE, MOTION TO DISMISS WITH PREJUDICE**<br><br>**Chapter 13**<br>**Bankruptcy No. 02-27006**<br>**Honorable William T. Thurman** |

Creditor Cindy Busch, the Debtor's former spouse, pursuant to Rule 4001, Rules of

Bankruptcy Procedure, moves this Court for an order granting relief from the automatic stay, or

in the alternative, to dismiss Debtor's Chapter 13 proceeding with prejudice. This motion, if

granted, would allow the Third Judicial District Court to determine the following issues: 1)

obtain a judgment against Debtor on the second mortgage arrears, and 2) to pursue contempt,

attorney's fees, and sanctions for failure to make the post-confirmation payments required by the

Bankruptcy Court. Creditor Cindy Busch seeks attorney's fees associated with bringing this

Motion.

### PRELIMINARY STATEMENT

Jay and Cindy Busch were divorced in January 2000, and Jay was ordered to pay child

support. Jay Busch filed his third Chapter 13 bankruptcy in April 2002. Since the Court's



0227006D60

confirmation of the Debtor's Plan on February 12, 2003, he has failed to pay the ongoing second

mortgage obligation set forth in Section 2(F)(3) of his Amended Chapter 13 Plan. Cindy seeks

relief from the stay to allow her to; 1) return to State Court to obtain a judgment against Debtor

for the payments Debtor should have made on the second mortgage post-confirmation, and 2)

pursue contempt, sanctions, and attorney's fees for his failure to make those post-confirmation

payments. Cindy also seeks Attorney's fees associated with bringing this Motion before the

Court.

## STATEMENT OF THE CASE

1.      The Third District Court entered a Decree of Divorce on January 14, 2000, and in

Paragraph No. 4 of that Decree, Jay was ordered to pay child support of $524.66 per month.

2.      In Paragraph No. 12 of that Decree, the home of the parties, located at 4045 South

Durrans Lane in West Valley City, Utah was awarded to Cindy, subject to a lien on the home

equal to $14,977.50 payable to Debtor if Cindy remarried, cohabitated, sold the home, or when

their daughter reached age 18.

3.      In Paragraph No. 11 of the Decree, Debtor was ordered to payoff the second

mortgage. The payoff of the second mortgage by Debtor was presumed in the calculation of

Debtor's equity referred to in #2.

4.      In July 2000, Debtor filed his first Chapter 13 bankruptcy.

5.      Cindy Busch was remarried on September 16, 2000.

6.      On or about March 13, 2001, the Honorable Glen E. Clark granted Cindy Busch's

Motion for Relief form Stay to allow the Utah Third Judicial District court to rule on Cindy's

Motion to defer her obligation to pay Jay his equity from the marital residence until he had

satisfied the second mortgage.

2

7.      On May 16, 2001, the State Court held that Debtor's "obligation to pay the second mortgage is a reasonable pre-condition to his right to receive his equity in the marital home," and further found that Cindy's "obligation to pay [Debtor] his equity in the marital home shall be deferred until he has satisfied the second mortgage in full".

8.      Later, the Honorable Glen E. Clark ruled that Debtor's obligation to pay the second mortgage was a non-dischargeable debt in the nature of child support, but only until August 26, 2004, the parties' minor child's eighteenth birthday.

9.      The Debtor filed a subsequent Chapter 13 petition on October 2, 2002. The Debtor's Plan did not propose to pay the second mortgage in full, but claimed his judicial lien in Cindy Busch's home as exempt property.

10.     On November 22, 2002, the Bankruptcy Court entered an Order on Motion for Relief from Automatic Stay to; "enable Ms. Busch to return to state court to have the Debtor's equity interest terminated."

11.     The Debtor appealed the Bankruptcy Court's Order on December 2, 2002.

12.     On February 13, 2003, the Bankruptcy Court signed an Order Confirming Debtor's Chapter 13 Plan Following Contested Confirmation Hearing. Therein, Debtor was required to pay the ongoing second mortgage payments outside the Plan. See Order Confirming Debtor's Chapter 13 Plan, attached here to as Exhibit "A".

13.     Because Debtor's confirmed Plan would not pay off the second mortgage, Cindy was forced to refinance the marital home in February 2003 or face foreclosure of the second mortgage.

3

14.     On June 6, 2002, the United States Bankruptcy Appellate Panel of the Tenth Circuit affirmed the Bankruptcy Court's Order lifting the automatic stay to permit Cindy to return to State Court to have the Debtor's equity interest terminated.

15.     Since the confirmation of his Chapter 13 Plan, Debtor has failed to make any payment toward his ongoing second mortgage obligation in compliance with his confirmed Plan.

16.     A lift of the automatic stay is necessary to allow Cindy to go forward in the Third District Court; 1) To obtain a judgment against Debtor on the second mortgage arrears, and 2) To pursue contempt, attorney's fees, and sanctions for failure to make the post-confirmation payments required by the Bankruptcy Court.

17.     Alternatively, the Court should dismiss the Debtor's Chapter 13 proceeding with prejudice for failing to comply with a Court order.

## ARGUMENT

### I   MOTION FOR RELIEF FROM AUTOMATIC STAY AND ATTORNEY'S FEES

#### 1.     This Court Should Lift the Stay Pursuant to Section 362(b)(2)(a)(ii).

Section 362(b)(2)(A)(ii) of the Bankruptcy Code provides that the automatic stay does not apply to the commencement or continuation of an action proceeding for "the establishment or modification of an order for alimony, maintenance, or support." 11 U.S.C. § 362(b)(2)(A)(ii). Jay Busch was ordered to payoff the second mortgage in the divorce decree, in return he would receive his equity in the home. Cindy Busch was ordered to pay Jay his equity in the home when she remarried, cohabitated, sold the home, or their child turned eighteen. The 10th Circuit has held that a requirement in a divorce decree to make payments on a note is in the nature of alimony, maintenance, or support. See Sylvester v. Sylvester, 865 F.2d 1164, 1166 (10th Cir.

4

1989). Since the confirmation of his Chapter 13 Plan, Debtor has failed to make <u>any</u> payments

toward his ongoing second mortgage obligation in compliance with his confirmed Plan. Out of

an abundance of caution, Cindy now seeks a formal order from the Bankruptcy Court to lift the

stay to obtain a judgment against Debtor on his second mortgage arrears and to pursue contempt,

attorney's fees, and sanctions for failure to make the post-confirmation payments required by the

Bankruptcy Court.

### 2.    The Court Should Lift the Stay Because the Debtor has Defaulted on his Confirmed Chapter 13 Plan.

The Debtor's Amended Chapter 13 Plan, which was confirmed by the Bankruptcy Court

on February 13, 2003 states in relevant part:

> 3. Debtor shall pay the ongoing second mortgage obligation directly to EMC Mortgage
> outside the plan through August 2004. Thereafter, the second mortgage obligation shall
> be paid by a third party outside the plan. EMC Mortgage's trust deed lien and other loan
> terms shall remain in effect and shall not be modified except as expressly provided in this
> plan.

See Amended Chapter 13 Plan 2(F)(3), filed October 7, 2002, and attached hereto as Exhibit

"B".

Post confirmation, Cindy was forced to refinance the home and payoff the second

mortgage to prevent foreclosure. As a result, the payments Debtor should have made would

inure to her. However, since the confirmation of his Plan, Debtor has failed to make a single

payment on the second mortgage, and as such, he has defaulted post-confirmation in the

performance of his obligations under his Plan. The Bankruptcy Court should grant a lift the stay

to accomplish a termination of his judicial lien, to obtain a judgment against Debtor on his

second mortgage arrears; and to pursue contempt, attorney's fees, and sanctions for failure to

make the post-confirmation payments required by the Bankruptcy Court.

5

### 3.    This Court Should Exercise its Discretion to Modify the Stay in this Matter.

"Bankruptcy courts were not intended by Congress to become domestic relations courts."

In re McCray, 62 B.R. 11, 12 (D. Colo. 1986). It is preferable judicially to allow the divorce

court to rule on the ongoing post-confirmation arrears and enforce payment of same by way of

contempt rather than require the Bankruptcy Court to become a domestic relations court. The

divorce court is fully familiar with the history of this case. It does not make sense for this Court

to interfere with the jurisdiction of the State Court by hearing divorce matters the State Court is

competent to deal with.

The automatic stay accomplishes two purposes; 1) It prevents the diminution or

dissipation of the assets of the debtor's estate during the pendency of the bankruptcy case, and 2)

It enables the debtor to avoid the multiplicity of claims against the estate arising in different

forums. See In re Curtis, 40 B.R. 795, 798 (D. Utah 1984). The goals of the automatic stay are

not furthered in this action if the stay remains in place because the debtor, to date, has filed three

separate bankruptcies and has failed in each of those actions to pay post petition

nondischargeable payments. These repeated failures jeopardize the bankruptcy estate by

allowing new debts to accrue and is, in fact, defeating the purpose of the stay. Therefore, the

stay should be lifted to allow Cindy Busch to return to State Court to obtain a judgment against

Debtor on his post-confirmation second mortgage arrears, and pursue contempt, attorney's fees,

and sanctions for his failure to make the post-confirmation payments required by the Bankruptcy

Court.

It is within this Court's discretion under 11 U.S.C. § 362(d)(1) to lift the automatic stay

"for cause." There is no clear definition of what constitutes "cause." However, Bankruptcy

Courts have allowed a lift of the stay in order for a wife to proceed in State Court to recover

nondischargeable debts in the nature of alimony, maintenance, or support. See In re Hill, 102

B.R. 804, 805 (D. Kansas 1989). The Debtor's Plan ordered him to pay the second mortgage

outside of the confirmed Plan. He has failed to do so. Therefore, Cindy Busch should be allowed

to proceed in State Court to collect post-confirmation arrearages, attorneys' fees in enforcing the

payment of child support and to obtain a ruling on debtor's contempt for failure to pay his post-

confirmation second mortgage payments (child support).

Although "cause" has never been completely defined, a number of factors have been laid

out which can be looked at to see whether a lift of stay for cause is proper. See In re Curtis, 40

B.R. 795, 800 (D. Utah 1984). Three of those factors are especially pertinent in this case. First,

whether the relief granted would result in a partial or complete resolution of these issues.

Second, whether litigation in another forum would prejudice the interests of other creditors, the

creditors' committee and other interested parties. Third, whether the lift of stay would be in the

interest of judicial economy and the expeditious and economical determination of litigation for

the parties. These three factors are inter-related, and all of them are favorable to granting relief

from the stay in this case.

This Court should not become a domestic relations court. The Debtor is accruing post-

confirmation arrearages. A lift of the stay would result in partial or complete resolution of these

issues. A lift of the stay would not prejudice the interests of other creditors. The interests of

judicial economy would be served because the divorce court has already had multiple hearings

and is familiar with the issues of this case.

4. **The Court should award Cindy Busch her Attorney's Fees in bringing this Motion.**

In the present case, Cindy Busch's request for attorney's fees is governed by Utah Code

Ann. § 30-3-3, which states in part:

> (2) In any action to enforce an order of custody, parent-time, child support, alimony, or division of property in a domestic case, the court may award costs and attorney fees upon determining that the party substantially prevailed upon the claim or defense. . . .

The Bankruptcy Court should grant Cindy's Motion to Lift Stay to enforce the State and

Bankruptcy Court's Orders for Debtor to pay his child support (second mortgage payment),

award Cindy her reasonable attorney's fees in bringing this Motion.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD DISMISS DEBTOR'S CHAPTER 13 CASE WITH PREJUDICE FOR DEFAULTING ON HIS POST-CONFIRMATION PAYMENTS

The dismissal of a bankruptcy petition with and without prejudice is authorized by 11

U.S.C. § 349(a), which states:

> (a) Unless the court, for cause, orders otherwise the dismissal of a case under this title does not bar the discharge, in a later case under this title of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title except as provided in section 109(g).

11 U.S.C. § 109(g) states:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court, or to appear before the court in proper prosecution of the case; . . . .

The phrase "[u]nless the court, for cause, orders otherwise" in Section § 349(a)

authorizes the bankruptcy court to exercise its discretion to dismiss a case with prejudice. See In

re Leavitt, 171 F.3d 1219, 1223 (4th Cir.1999); In re Tomlin, 105 F.3d 933, 937 (4th Cir.1997); In

re Cooper, 146 B.R. 843 (Bankr.D.Colo 1992). In this case, the Court should dismiss the

Document   Page 9 of 27

Debtor's Chapter 13 Petition with prejudice pursuant to 11 U.S.C. § 109(g) for his failure to abide by orders of the Bankruptcy Court.

The Bankruptcy Court's Order Confirming Debtor's Chapter 13 Plan states in part:

> d. The Debtor shall cure the pre-confirmation delinquency in Plan payments totaling $607.00 on or before December 18, 2002, **and** be current on any plan payments accruing on or before this date, or the Court may dismiss the case without further notice or hearing.
> e. Notwithstanding any other provision in this Order, if the Debtor is more than 20 days late in making any postconfirmation Plan payments, the Court may dismiss the case without further notice or hearing.

See Exhibit "A", at 3 (emphasis in original).

The Debtor has failed to comply with the Bankruptcy Court's Order. Debtor still owes a pre-confirmation arrearage of $569.00 (for the month of August 2002). Debtor has also failed to make any of his second mortgage payments since confirmation. Therefore, the Court should dismiss the Debtor's case with prejudice, and enjoin him from re-filing a petition with the Bankruptcy Court for at least 180 days.

## CONCLUSION

For the foregoing reasons, Cindy Busch prays for an Order of this Court lifting the stay to obtain a judgment against Debtor on the second mortgage arrears, and to pursue contempt, attorney's fees, and sanctions for failure to make the post-confirmation payments required by the Bankruptcy Court. Or in the alternative, the Bankruptcy Court should Dismiss Debtor's case with prejudice for his failure to abide by orders of the Bankruptcy Court's Confirmation Plan, and enjoin him from re-filing a petition with the Bankruptcy Court for at least 180 days.

**DATED and SIGNED this /4 day of July, 2002.**

**Steven C. Tycksen**
**Attorney for Cindy Busch**

9

## CERTIFICATE OF MAILING

I hereby certify that the foregoing Memorandum in Support of Motion for Relief from Automatic Stay and Attorney's Fees, or in the Alternative, Motion to Dismiss with Prejudice was mailed, postage pre-paid to the following identified on the attached bankruptcy mailing Matrix.

**on this** ⎽⎽⎽ **day of July, 2003.**

Label Matrix for USBC
District of Utah
Case 02-27006
Tue Jul 15 08:16:39 MDT 2003

AT&T Broadband
1350 E. Miller Ave.
SLC, UT 84106

America First C.U.
P.O. Box 9199
Ogden, UT 84402

Kevin R. Anderson
32 Exchange Place
Suite 600
Salt Lake City, UT 84111

Jay Busch
4007 S. 5200 W.
West Valley City, UT 84120-4437

Canyon View
1844 E. 9400 S.
Sandy, UT 84070

Capital One Bank
POB 85167
Richmond VA 23285

Cindy Busch
4045 S. Durran Lane
WVC, UT 84120

Columbia House
C/O North Shore
751 Summa Avenue
Westbury, NY 11590

Consultant Radiologists
POB 1169
Bountiful, UT 84011-1169

Countrywide Home Loans
POB 10219
Van Nuys, CA 91410-0219

Diagnostic Radiology
POB 709
Sandy, UT 84091-0709

Dr. Jonathan Horne
9720 S. 1300 E.
Sandy, UT 84094

Dr. Lawrence Mansell
715 E. 3900 S. #211
SLC, UT 84107

Dr. Sandra Talley
352 S. Denver Street 310
SLC, UT 84111

EMC Mortgage Corp.
909 North Hidden Ridge Drive
Ste 200
Irving, TX 75039

EMC Mortgage Corporation
909 Hidden Ridge Dr.
#200
Irving, TX 75038

Gastroenterology Assoc
1250 E. 3900 S. #360
SLC, UT 84124-1356

Granite Credit Union
3675 S. 900 E.
SLC, UT 84106-1964

Paul M. Halliday Jr.
Halliday & Halliday
376 East 400 South
Suite 300
Salt Lake City, UT 84111

Internal Medicine Dept.
P.O. Box 581700
SLC, UT 84158-1700

Kent McDonald
Sandy Counseling
8184 S. Highland Dr.
Sandy, UT 84093

Master Muffler & Brake
C/O CheckRite
P.O. Box 8544
Midvale, UT 84047

Scott B. Mitchell
2469 East 7000 South
Suite 204
Salt Lake City, UT 84121

NCO Financial
POB 41706
Philadelphia, PA 19101

North Summit Ambulance
P.O. Box 95970
South Jordan, UT 84095

Outsource
P.O. Box 166
Ogden, UT 84402

Pioneer Valley ER Phys
C/O Bonneville B&C
P.O. Box 309
Ogden, UT 84402

Pioneer Valley Hospital
C/O BNA Financial
P.O. Box 1295
Murfreesboro, TN 37133

Pioneer Valley Hospital
C/O Outsource
P.O. Box 166
Ogden, UT 84402

Questar
1140 W. 200 S.
POB 3194
SLC, UT 84110-3194

R.C. Willey Home Furn.
POB 65320
SLC, UT 84165-0320

Ronald Wolthius
1011 E. Murray-Holladay
SLC, UT 84117

Smith, Knowles & Hamiltn
4723 Harrison Blvd. #200
Ogden, UT 84403

Southtown Surgery Ctr
POB 71957
SLC, UT 84171-0957

St. Mark's Hospital
1200 E. 3900 S.
SLC, UT 84117

St. Mark's Hospital
C/O NCO Financial
POB 41706
Philadelphia, PA 19101

Steven C. Russell
180 S. 300 W. #170
SLC, UT 84101

Steven Tycksen
5300 W. 360 W. #360
Murray, UT 84123

Superior Bank
C/O Smith, Knowles Hamlt
4723 Harrison Blvd. #200
Ogden, UT 84403

Steven C. Tycksen
Zoll & Tycksen
5300 South 360 West
Suite 360
Salt Lake City, UT 84123

United Compucred
P.O. Box 111100
Cincinnati, OH 45211

United States Trustee
#9 Exchange Place
Suite 100
Salt Lake City, UT 84111-2147

University Hospital Phys
P.O. Box 510726
SLC, UT 84151-0726

University Radiology
P.O. Box 581200
SLC, UT 84158-1200

UofU Hospitals & Clinics
P.O. Box 510721
SLC, UT 84151-0721

Utah Radiology
5801 Fashion Blvd #190
Murray, UT 84107-8116



*Order prepared by:*
OFFICE CHAPTER 13 TRUSTEE
32 Exchange Place, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile:  (801) 596-2898

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IN RE:<br><br>JAY BUSCH,<br><br>Debtor. | Case No. 02-27006<br><br>Chapter 13<br><br>Judge William T. Thurman<br><br>*(Confirmation Hearing Date: December 11, 2002)* |

## ORDER CONFIRMING DEBTOR'S CHAPTER 13 PLAN
## FOLLOWING CONTESTED CONFIRMATION HEARING

The Court originally set the confirmation hearing in this case for December 3, 2002. Pursuant to court order, the confirmation hearing was continued to December 9, 2002. Pursuant to court order, the confirmation hearing was continued again to December 11, 2002. At such hearing, Kevin R. Anderson, Chapter 13 Trustee, appeared personally or by counsel, and the Debtor and/or the Debtor's attorney appeared on the record. The following persons also appeared: Steven C. Tycksen

At the hearing, the Trustee either recommended confirmation of the Debtor's plan, or the Court confirmed the plan over the Trustee's objection, because the Court ruled that the plan complied with the requirements of 11 U.S.C. §§ 1322 and 1325. Based on the Court's review of the case, the representations of the Trustee and Debtor's counsel, and the evidence presented at the hearing, the Court finds that notice was proper, that the Debtor proposed the plan in good faith, and that the plan satisfies the requirements for confirmation. Therefore, IT IS HEREBY ORDERED AS FOLLOWS:

### CONFIRMATION OF THE PLAN

1. The Debtor's Chapter 13 plan filed on October 7, 2002, as modified by this Order, is confirmed pursuant to 11 U.S.C. § 1325 (hereinafter the "Plan"). Upon entry of this Order, the


0227006D37

effective date of confirmation shall relate back to the date of the confirmation hearing.

2. Pursuant to 11 U.S.C. § 1328(a), after the Debtor completes all payments under the Plan, unless the Court approves a written waiver of discharge executed by the Debtor, the Court shall grant the Debtor a discharge of all debts provided for by the Plan except any debt that is not discharged under 11 U.S.C. § 1328(a)(1), (2) or (3). Notwithstanding anything contained in the Plan or this Order, a claim of any party in interest who did not receive adequate notice of this bankruptcy case, as required by applicable law, may not be discharged under 11 U.S.C. § 1328.

3. The Debtor shall attend a status review hearing on June 9, 2003, at the office of Kevin R. Anderson, Chapter 13 Trustee, 32 Exchange Place, Suite 600, Salt Lake City, Utah 84111.

### REQUIRED DOCUMENTS

4. The Debtor shall provide the following documents by the deadlines set forth below, or this case may be dismissed without further notice or hearing:

a. On or before May 30, 2003, the Debtor shall file with the Court and serve on the Trustee an amended budget.

b. On or before May 30, 2003, the Debtor shall serve on the Trustee a pay stub analysis.

### PLAN PAYMENTS

5. The Debtor shall make Plan payments to the Trustee pursuant to the following terms and conditions:

a. The Debtor shall make a lump sum contribution to the Plan of all pre-confirmation payments in the total amount of $3,798.00.

b. The Debtor is to make Plan payments to the Trustee of $665.00 per month on or before the 25th day of each month commencing with December 25, 2002, except as described below. The Debtor shall continue to make such payments to the Trustee for a period of not less than 36 months, but not more than 60 months, from the date set forth in the preceding sentence. In any event, the Debtor shall continue to make such payments to the Trustee in an amount equal to 36 payments of $665.00, plus the lump sum contribution as directed above, or until such time as non-priority, unsecured claimholders receive no less than a 10% return on their allowed claims, whichever amount of payments is greater.

2

c.  On or before December 31, 2004, the debtor shall file a motion to modify the confirmed plan and adjust plan payments, or the Trustee may file a Motion to Dismiss the case.

d.  The Debtor shall cure the pre-confirmation delinquency in Plan payments totaling $607.00 on or before December 18, 2002, **and** be current on any plan payments accruing on or before this date, or the Court may dismiss the case without further notice or hearing.

e.  Notwithstanding any other provision in this Order, if the Debtor is more than 20 **days** late in making any postconfirmation Plan payments, the Court may dismiss the case without further notice or hearing.

## ATTORNEY'S FEES

6.  Counsel for the Debtor is hereby awarded fees and costs in the total amount of $2,715.74 as an administrative claim under 11 U.S.C. § 503(b).  Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $0.00; therefore, the balance of $2,715.74 will be paid through the Plan. .

## RULINGS ON CLAIMS

7.  All claims of creditors who did not file a proof of claim with the Bankruptcy Court or claims of creditors who filed a proof of claim after the deadline set in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* are disallowed under 11 U.S.C. § 502, and such creditors shall not receive a distribution under the Plan.

8.  All claims of creditors who did not file a proof of claim with the Bankruptcy Court or claims of creditors who filed a proof of claim after the deadline set in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* shall not receive a distribution under the Plan.

9.  Steven Tycksen is allowed to receive verification of second mortgage payment upon request 10 days thereafter.

10. Claim No. 9 filed by Steven C. Tycksen is allowed as a priority, unsecured claim in the amount of $20,401.67, and an unsecured non-priority claim in the amount of $29,000.00.

11. Claim No. 1 filed by Granite Credit Union shall be paid direct by the Debtor, outside the Plan.  The Trustee shall make no distribution on this claim under the Plan.

12. All allowed unsecured priority claims under 11 U.S.C. § 507 will be paid in full

3

through deferred cash payments pursuant to 11 U.S.C. § 1322(a)(2)

13. If any additional tax liability is determined to be due after confirmation of the Plan, the Debtor may elect to modify the Plan under 11 U.S.C. §§ 1329 to include payment of such liability. If the Plan is not modified, such tax liability will not be discharged under 11 U.S.C. § 1328.

## ADMINISTRATIVE PROVISIONS

14. The Trustee is granted authority to set procedures for making disbursements under the Plan. Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Schedule of Disbursements attached hereto as Exhibit A and incorporated herein by this reference.

15. Any modifications to the Plan must be made pursuant to 11 U.S.C. § 1329.

16. The Trustee is allowed the commission provided by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such commission is an estimate only and is subject to increase or decrease by the United States Attorney General.

17. If this case is dismissed or converted to another Chapter under the Bankruptcy Code, any Plan payments received by the Trustee prior to the entry of an order of conversion or dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry of such order shall be refunded to the Debtor. In making any final disbursement under this paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally insufficient claim, including where a disbursement check on a claim has been returned to the Trustee by the United States Mail as undeliverable.

18. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties in interest, rectify such errors by any legal means including off-sets and surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

19. During the term of the Plan, the Debtor shall not sell property of the estate or any collateral provided for under the Plan without a Court order and without prior written notice to the Trustee. A creditor shall not accept any insurance or sale proceeds from collateral listed in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee. If a claim entitled to a disbursement from the Trustee under the Plan

4

is paid in full or in part from any other source, the Trustee shall still be entitled to his statutory commission on the amount that would have been disbursed by the Trustee under the Plan. Property of the estate remains in the Debtor's possession and control and does not vest in the Trustee.

20. In the event the Debtor does not perform any provision of the Plan or this Order, the Trustee may file with the Court a Declaration of Non-Compliance. The Trustee shall serve a copy of such declaration on the Debtor and Debtor's counsel.

21. If after confirmation of the Plan, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to the Debtor and Debtor's counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible. If the amended claim does not render the plan unfeasible, and if the Trustee does not receive a response to the contrary from the Debtor's counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount. If the amended claim renders the plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

22. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-court resolutions of postconfirmation defaults arising from the Debtor's failure to make timely Plan payments.

DATED: ___Feb. 12___, 2003.

BY THE COURT:

_William J. Thurman_

THE HONORABLE WILLIAM T. THURMAN
UNITED STATES BANKRUPTCY JUDGE

Approved As To Form And Content:

SCOTT B. MITCHELL, ESQ.
Attorney for the Debtor

5

## COURT CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order was addressed to the following parties and deposited in the U.S. Mail, first-class postage prepaid, on the ___ day of _____ 2003:

KEVIN R. ANDERSON
STANDING CHAPTER 13 TRUSTEE
(placed in Trustee's box at Court)

JAY BUSCH
4007 SOUTH 5200 WEST
WEST VALLEY CITY, UT 84120

SCOTT B. MITCHELL, ESQ.
2469 E 7000 S, STE.204
SALT LAKE, UT 84121

STEVEN C. TYCKSEN
5300 SOUTH 360 WEST, SUTIE 360
MURRAY, UTAH 84123

CLERK OF THE COURT

By:_____
Deputy Clerk

7

EXHIBIT "A"                                                          TJ  (fg #142)

DEBTOR(S): JAY  BUSCH                                    CASE NUMBER:  02T-27006
                                                         CLAIMS BAR DATE: Sep 05, 2002

| COURT CLAIM NO. | ITEM NO. | ORDER OF PMNT. | CREDITOR NAME AND ADDRESS | TYPE OF CLAIM; DESCRIPTION OF DEBT AND/OR COLLATERAL | TOTAL AMOUNT OF CLAIM | VALUE OF COLLATERAL | UNSECURED PORTION | INT. RATE | DIVIDEND |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0001 | 20 | GRANITE CREDIT UNION 3675 SOUTH 900 EAST SALT LAKE CITY, UT 84106-1964 | SECURED 96 FORD/CT O-DIR PAY 635435 *No money to be paid by Trustee* | .00 | .00 | .00 | .00 | 100.00 |
| 2 | 0002 | 50 | PIONEER VALLEY ANESTHESIA C O OUTSOURCE REC MGMT PO BOX 166 OGDEN UT 84402 | UNSECURED SERVICES 381943 *Funds will be DISBURSED* | 242.73 | .00 | 242.73 | .00 | 10.00 |
| 3 | 0003 | 50 | U OF U HOSPITAL CLINIC PO BOX 610721 SALT LAKE CITY, UTAH 84152 | UNSECURED SERVICES 76172956 *Funds will be DISBURSED* | 1,641.84 | .00 | 1,641.84 | .00 | 10.00 |
| 4 | 0004 | 30 | STEVEN C. TYCKSEN ZOLL & TYCKSEN, L.C. 5300 SOUTH 360 WEST, SUITE 160 MURRAY, UT 84123 | PRIORITY AMENDED BY #9 BUSCH *No money to be paid by Trustee* | .00 | .00 | .00 | .00 | 100.00 |
| 5 | 0005 | 50 | RC WILLEY HOME FURNISHINGS CORPORATE OFFICERS P.O. BOX 65320 SALT LAKE CITY, UT 84065-0320 | UNSECURED GOODS 3765279 *Funds will be DISBURSED* | 1,689.59 | .00 | 1,689.59 | .00 | 10.00 |
| 6 | 0006 | 50 | QUESTAR GAS COMPANY 1140 WEST 200 SOUTH P.O. BOX 3194 SALT LAKE CITY, UTAH 84110-3194 | UNSECURED UTILITIES 41500319397C *Funds will be DISBURSED* | 938.51 | .00 | 938.51 | .00 | 10.00 |
| 7 | 0007 | 20 | EMC MORTGAGE CORPORATION 909 HIDDEN RIDGE DR SUITE 200 P.O. BOX 141358 IRVING TX 75038 | DEFAULT CURE ARREARS 7193030 *Funds will be DISBURSED* | 8,429.88 | 8,429.88 | .00 | .00 | 100.00 |
| 8 | 0008 | 50 | CAPITAL ONE BANK P.O. BOX 85167 RICHMOND, VA 23285 | UNSECURED MONEY LOANED 4121741459074889 *Funds will be DISBURSED* | 1,048.50 | .00 | 1,048.50 | .00 | 10.00 |
| 9 | 0009 | 20 | STEVEN C. TYCKSEN ZOLL & TYCKSEN, L.C. 5300 SOUTH 360 WEST, SUITE 360 MURRAY, UT 84123 | PRIORITY AMD4/CT ORD$20401.67 BUSCH *Funds will be DISBURSED* | 20,401.67 | .00 | 20,401.67 | .00 | 100.00 |
| 9 | 0010 | 50 | STEVEN C. TYCKSEN ZOLL & TYCKSEN, L.C. 5300 SOUTH 360 WEST, SUITE 360 MURRAY, UT 84123 | UNSECURED AMD4/CT ORD $29000 *Funds will be DISBURSED* | 29,000.00 | .00 | 29,000.00 | .00 | 10.00 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

In re:   Jay Busch

Debtor(s).

Case No. 02-27006
Chapter 13

Trustee: Anderson

## AMENDMENT DECLARATION

Please circle or underline amended material when appropriate.
1. PETITION: ____ REOPENING: Yes ____ No ____ CONVERSION (13 to 7): Yes ____ No ____
When changing debtor's address, please file separate change of address form.
When amending, please submit the changes/additions only!

2. SCHEDULES: A ____ B ____ C ____ D ____ E ____ F ____ G ____ H ____ I X J X
Are you changing the address, amounts, etc., or adding a creditor?
Changing ____ Adding ____ ($20 amendment fee required for D, E, & F.)

3. AMENDED AMOUNTS/TOTALS OF SCHEDULES: ____
4. STATEMENT OF AFFAIRS: ____
5. AMENDED CHAPTER 13 PLAN: X

---

If you have amended schedules D, E, F by adding a creditor, you owe $20.00 amendment fee. Fee attached_____

If schedules D, E, F were amended but no creditors added no fee necessary. No fee attached_____
Reason no fee is attached_____

---

It is the debtor's responsibility to notify additional creditors by sending a 341 notice and/or Discharge Order to the creditors added to the schedules/matrix.
A certificate of mailing to creditors should be filed with the Clerk's office (see below).

---

I declare under penalty of perjury that the information provided in this attached amendment is true and correct.

Jay Busch   10-7-02
Debtor          Date                                    Debtor          Date

---

U.S. Trustee's Office and Trustee in the case supplied copies of amendment(s)? Yes X No ____

ATTORNEY FOR DEBTOR(S)

---

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, to creditors of this estate as follows (please mark the appropriate lines(s):

____ 341 Notice to creditors added by this amendment.
____ Discharge Notice to creditors added by this amendment.
X    Amended Chapter 13 Plan to all creditors.

10-7-02
DATED                                    ATTORNEY FOR DEBTOR(S)

0227006D18

**SCOTT B. MITCHELL  (5111)**
2469 East 7000 South, Suite 204
Salt Lake City, Utah 84121
Telephone: (801)942-7048
Facsimile: (801)942-7047
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\*    \*    \*    \*

| | |
|---|---|
| In re | \*    **AMENDED** |
| | \*    **CHAPTER 13 PLAN** |
| JAY BUSCH, | \* |
| | \* |
| | \* |
| Debtor. | \*    Bankruptcy No. 02T-27006 |
| | \*       (Chapter 13) |

\*    \*    \*    \*

**The Debtor proposes the following Amended Chapter 13 Plan:**

1. Unless adjusted below or by a court order, the Debtor shall submit to the Trustee future earnings in the amount of $617.00, per month for the period of no less than 36 months, but in no case to exceed 60 months, and until all allowed claims are paid as provided for in the Plan. If necessary, all payments made to the Trustee prior to confirmation shall be contributed as a lump sum contribution.    **Payment Adjustments:** Beginning with the fifth month, debtor's monthly plan payment shall increase to $665.00.

2. From the payments so received, the Trustee shall make distributions to creditors holding allowed claims in the following order and on a pro rata basis for each claim within the class:

   A.  **CLASS A.** Adequate protection payments stipulated to by the Debtor(s) or otherwise ordered by the Court.

   B.  **CLASS B.** Allowed priority administrative claims under 11 U.S.C. § 507(a)(1), including attorney fees and costs (estimated to be $2,000.00).

   C.  **CLASS C.** Allowed secured claims of the following creditors, together with interest as indicated below:

   | Creditor | Claim Amount | Collateral Value | Interest Rate | Description of Collateral |
   |---|---|---|---|---|
   | none | | | | |

   Pursuant to 11 U.S.C. §§ 506(b) and 1325(a)(5), the interest necessary to provide these creditors with the present value of their allowed claims( *i.e.*, the discount rate) shall be paid from the petition date for each creditor whose collateral value exceeds the claim amount; otherwise, interest shall be paid from the date the confirmation order is entered by the Clerk of the Bankruptcy Court. The allowed unsecured portion of the claims held by these creditors will be paid pro rata with the other unsecured claims in CLASS E as set forth below.

   D.  **CLASS D.** Allowed priority unsecured claims under 11 U.S.C. § 507(a)(2)-(8) shall be paid 100%, with no interest.

   E.  **CLASS E.** Allowed nonpriority unsecured claims, which shall include the allowed claims of all creditors not otherwise classified in this Plan, shall be paid 10% of the allowed claim.

   F.  Additional provisions pursuant to 11 U.S.C. § 1322(b):

   1. Debtor shall pay his ongoing motor vehicle payments directly to Granite Credit Union outside of the plan.

   2. The arrearage in the amount of $8,429.88 owing on debtor's second mortgage obligation to EMC Mortgage shall be paid 100% without interest.

   3. Debtor shall pay the ongoing second mortgage obligation directly to EMC Mortgage outside the plan through August 2004. Thereafter, the second mortgage obligation shall be paid by a third party outside the plan. EMC Mortgage's trust deed lien and other loan terms shall remain in effect and shall not be modified except as expressly provided in this plan.

4 Debtor's ongoing mortgage obligations to Countrywide Home Loans shall be paid by a third party outside of the plan.

3. The Trustee is entitled to a fee under 28 U.S.C. § 586(e).

4. Unless otherwise ordered by the Court, all property of the estate shall vest in the Debtor(s) upon confirmation.

5. In accordance with 11 U.S.C. § 1328(a), upon completion of the Plan, the Debtor shall be discharged of all debts provided for by the Plan or disallowed under 11 U.S.C. § 502.

6. According to the Debtor's liquidation analysis, creditors with allowed nonpriority unsecured claims would receive approximately 0% of their claims under Chapter 7 of the Bankruptcy Code. This Plan provides that such creditors will receive 10% of their claims, thus providing these creditors with a greater return under this Plan then the creditors would receive if the estate of the Debtor(s) were liquidated under Chapter 7 on this date.

A.

### VERIFICATION

The undersigned does hereby verify that, to the best of his information, knowledge and belief, the amounts and values set forth above are true and correct and would so testify if called upon by the Court to do so.

DATED this _5_ day of October 2002.

In re: *Busch, Jay*
_____   Case No. (if known) _____
                        Debtor

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: *Divorced* | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | Child support paid for: | *Sherri, 13 years, daughter* |
| | Spousal support paid to: | *Cindy Busch (2nd mortgage obligation)* |
| **EMPLOYMENT:** | **DEBTOR** | |
| Occupation | *driver* | |
| Name of Employer | *Roadway Express* | |
| How long employed | *1982* | |
| Address of Employer | *1234 S. 3200 W. SLC, UT* | |

Income: (Estimate of average monthly income)

| | |
|---|---|
| Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | *5,580.60* |
| Estimated monthly overtime | *0.00* |
| SUBTOTAL | *5,580.60* |

LESS PAYROLL DEDUCTIONS

| | | |
|---|---|---|
| a. | Payroll taxes and social security | *1,432.99* |
| b. | Insurance | *0.00* |
| c. | Union dues | *56.33* |
| d. | Other (specify) | |
| | *drive* | *4.33* |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | *1,493.65* |
| TOTAL NET MONTHLY TAKE HOME PAY | | *4,086.95* |

| | |
|---|---|
| Regular income from operation of business or profession or farm (attach detailed statement) | |
| Income from real property | *0.00* |
| Interest and dividends | *0.00* |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | *0.00* |
| Social security or other government assistance (specify) | *0.00* |
| Pension or retirement income | *0.00* |
| Other monthly income (specify) | *0.00* |
| TOTAL MONTHLY INCOME | *4,086.95* |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

NONE ANTICIPATED

In re: *Busch, Jay*
_____
          Debtor

Case No. (if known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete and label a separate schedule of expenditures.

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) .......................... | | 1,200.00 |
|     Are real estate taxes included?   Yes_____  No ✓ | | |
|     Is property insurance included?   Yes_____  No ✓ | | |
| Utilities:   Electricity and heating fuel ................................................ | | 124.00 |
|     Water and sewer ............................................................ | | 36.00 |
|     Telephone ................................................................. | | 40.00 |
|     Garbage .................................................................. | | 0.00 |
|     Security .................................................................. | | 0.00 |
|     Cable .................................................................... | | 40.00 |
| Home Maintenance (repairs and upkeep) ................................................ | | 30.00 |
| Food ............................................................................ | | 200.00 |
| Clothing ......................................................................... | | 40.00 |
| Laundry and dry cleaning ........................................................... | | 25.00 |
| Medical and dental expenses ........................................................ | | 35.00 |
| Transportation (not including car payments) ........................................... | | 80.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. ........................ | | 35.00 |
| Charitable contributions ............................................................ | | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|     Homeowner's or renter's ..................................................... | | 0.00 |
|     Life ..................................................................... | | 0.00 |
|     Health ................................................................... | | 0.00 |
|     Auto ..................................................................... | | 103.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (specify) | | 0.00 |
| Installment payments (in chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
|     Auto ..................................................................... | | 555.00 |
| Alimony, maintenance, and support paid to others ...................................... | | 878.00 |
| Payments for support of additional dependents not living at your home .................... | | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) .... | | 0.00 |

**TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** .........  `3,421.00`

[FOR CHAPTER 12 & 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A. | Total projected monthly income ......................................... | 4,086.95 |
| B. | Total projected monthly expenses ....................................... | 3,421.00 |
| C. | Excess income (A minus B) ............................................ | 665.95 |
| D. | Amount paid into plan *Monthly* ........................................ | 665.00 |

(The penalty for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. secs. 152 and 3571.)

### DECLARATION

I, *Jay Busch*, named as debtor in this case, declare under penalty of perjury that I have read the foregoing *Summary and Schedules*, consisting of *20* sheets (including this declaration), and that it is true and correct to the best of my information and belief.

In re: *Busch, Jay*

_____   Case No. (if known)
Debtor

Signature: _____
Jay Busch

Date: _____ 10-3-02 _____